UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES RUSSELL KNOX,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C16-5502BHS

ORDER DENYING RESPONDENT'S MOTION TO STAY

This matter comes before the Court on Respondent United States of America's motion to stay (Dkt. 2). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On February 17, 2009, Petitioner James Russell Knox ("Knox") pled guilty to one count of Bank Robbery, in violation of Title 18, United States Code, Section 2113(a). At sentencing, the Court concluded that Knox was a career offender under the sentencing guidelines. As a career offender, Knox's base offense level increased from 20 to 32 and the guideline range increased from 51–63 months of incarceration to 151–188 months of

incarceration. On May 18, 2009, the Court sentenced Knox to 168 months of incarceration.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, ___ U.S____, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was an unconstitutionally vague sentencing statute in violation of the Due Process Clause. *Id*. at 2557. On April 18, 2016, the Supreme Court decided *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016). In *Welch*, the Court held that "that *Johnson* is retroactive in cases on collateral review . . . ." *Id*. at 1268.

On June 18, 2016, Knox filed a petition under 28 U.S.C. § 2255 challenging his status as a career offender and the resulting sentence. Dkt. 1. Knox argues that his crime of conviction for unarmed bank robbery is no longer a crime of violence that qualifies him as a career offender. *Id*.

On June 27, 2016, the Supreme Court granted a petition for writ of certiorari in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016). The Government contends that, in *Beckles*, the Supreme Court will decide whether *Johnson* applies to similar language in the guidelines and whether *Johnson* applies to guidelines cases on collateral review. Dkt. 2 at 2.

On July 1, 2016, the Government filed a motion to stay consideration of Knox's petition until the Supreme Court issues a decision in *Beckles*. *Id*. On July 11, 2016, Knox responded and opposes a stay. Dkt. 4. The Government did not file a reply.

## II. DISCUSSION

The Government argues that the Court should stay determination of Knox's petition "in the interest of judicial economy . . . ." Dkt. 2 at 2.

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180 (1952)). "At the same time, habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. I.N.S.*, 208 F.3d 1116, 1119-20 (9th Cir. 2000). The Ninth Circuit has "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Id*. "The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time." *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) (footnote omitted). "A long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." *Yong*, 208 F.3d at 1120.

In this habeas case, the Government has failed to show that a stay for purposes of judicial economy is appropriate. Not only is this a habeas case challenging an unconstitutional confinement, but it is also unclear when or if the Supreme Court will

1 decide *Beckles*. Such an indefinite and lengthy delay is not justified for concerns of
2 judicial efficiency. Therefore, the Court denies the Government's request.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to stay is **DENIED**. The parties shall submit a stipulated briefing schedule on the merits of the petition.

Dated this 19th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge